United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Brandon Lanier, Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 23-22510-Civ-Scola |
| | ) | |
| City of Miami, Defendant. | ) | |

## Order Overruling Objections

This matter is before the Court on the Plaintiff Brandon Lanier's motion for review of a discovery ruling issued by United States Magistrate Judge Jonathan Goodman. (Mot., ECF No. 38.) Having reviewed Lanier's motion, the record, and the relevant legal authorities, the Court **denies** the motion, thus **overruling** Lanier's objections to Judge Goodman's discovery order. (**Mot., ECF No. 42**.)

Previously, the Court referred all discovery matters in this case to Judge Goodman to take all necessary and proper action as required by law. (ECF No. 5.) On December 1, 2023, Judge Goodman held a hearing on the Defendant City of Miami's ("City") request to compel Lanier to produce better responses to certain interrogatories and requests for production. (ECF No. 38.) Thereafter, Judge Goodman issued a post-discovery hearing administrative order documenting his rulings on the City's requests. (*Id.*) In his motion for review, Lanier objects to the portion of Judge Goodman's ruling on the City's request for production No. 5 that requires Lanier to file an affidavit or declaration affirming the documents requested by the City do not exist. (Mot. 6, ECF No. 38.) Lanier argues that he should not be required to file a declaration or affidavit attesting to the nonexistence of those documents because he is not required to do so by Federal Rule of Civil Procedure 34 and the City did not request such a response.

When a magistrate judge rules on a non-dispositive, pretrial discovery matter, as Judge Goodman did here, parties may object to that ruling and seek review from the district judge under Federal Rule of Civil Procedure 72(a). "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

"A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 92 L. Ed. 746

(1948). "The mere fact that a reviewing [c]ourt might have decided the issue differently is not sufficient to overturn a decision when there are two permissible views of the issue." *Pendlebury et al. v. Starbucks Coffee Co.*, No. 04-80521, 2007 U.S. Dist. LEXIS 94813, 2007 WL 4592267, at *2-3 (S.D. Fla. Dec. 28, 2007) (Marra, J.). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *SEC v. Kramer*, 778 F. Supp. 2d 1320, 1326-27 (M.D. Fla. 2011) (quoting *Tompkins v. R.J. Reynolds Tobacco Co.*, 92 F. Supp. 2d 70, 74 (N.D.N.Y. 2000)). This standard of review is "extremely deferential." *Tolz v. Geico Gen. Ins. Co.*, No. 08-80663, 2010 U.S. Dist. LEXIS 6709, 2010 WL 384745, at *2 (S.D. Fla. Jan. 27, 2010) (Marra, J.).

The Court has carefully reviewed Lanier's objection, Judge Goodman's order, and the relevant legal authorities. After this review, the Court does not find any part of the objected-to ruling to be either clearly erroneous or contrary to law. Lanier provides no support for his position that it was error for Judge Goodman to require that he file an affidavit or declaration attesting to the nonexistence of the requested documents. To the contrary, district courts routinely require a party claiming not to possess or control requested materials to submit a sworn affidavit to that effect. *See, e.g.*, *SEC v. Complete Bus. Sols. Grp., Inc.*, No. 20-CV-81205-RAR, 2023 U.S. Dist. LEXIS 177741, at *7, 2023 WL 6317940, at *2 (S.D. Fla. Aug. 17, 2023) (Ruiz, J.) ("To demonstrate full compliance, Cole and his counsel are both INSTRUCTED to file sworn affidavits with the Court on or before August 23, 2023, confirming that Cole has fully produced, or that no responsive documents exist[.]"); *Advanced Cable Ties, Inc. v. Am. Elite Molding*, LLC, No. 3:18-cv-2035-MCR/MJF, 2019 U.S. Dist. LEXIS 250217, at *14 n.5, 2019 WL 13280288, at *6 (N.D. Fla. Feb. 7, 2019) (compiling cases); *see also Frazier v. Doosan Infracore Int'l, Inc.*, 479 F. App'x 925, 931-32 (11th Cir. 2012) (explaining that one of the ways in which a magistrate judge protected a requesting party's right was to order the other party "to continue looking for documents and to produce affidavits about the nonexistence of documents it could not locate").

Accordingly, finding no clear error, the Court **overrules** Lanier's objections and **denies** his motion for review. (**Mot., ECF No. 42**.) Lanier is ordered to comply with Judge Goodman's order by either producing the documents or filing the required affidavit or declaration on or before **December 21, 2023**.

**Done and ordered** at Miami, Florida on December 14, 2023.

Robert N. Scola, Jr.
United States District Judge