United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Brandon Lanier, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 23-22510-Civ-Scola |
| | ) |
| City of Miami, Defendant. | ) |

**Order Denying Plaintiff's Motion For Reconsideration**

The Plaintiff has asked the Court to reconsider its order granting the Defendant City of Miami's motion to dismiss. (ECF No. 60.) In January 2024, the Court dismissed the Plaintiff's amended complaint with prejudice without granting leave to amend. (ECF No. 56.) The Plaintiff then filed a motion for reconsideration and relief from judgment and motion for leave to file a second amended complaint. (ECF No. 60.) The Defendant responded opposing the motion (ECF No. 61), and the Plaintiff filed a reply. (ECF No. 66.) For the foregoing reasons, the Plaintiff's motion is **denied**. (**ECF No. 60**.)

The Plaintiff's motion for reconsideration does not contest the Court's conclusions that the amended complaint was deficient, but rather requests leave to file a second amended complaint. (*See* ECF No. 60). He seeks relief under both Federal Rule of Civil Procedure 59(e) and 60(b)(6). (*Id.*) Federal Rule of Civil Procedure 59(e) permits a motion to alter or amend a judgment. "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact. A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (internal quotations omitted).

> It is an improper use of the motion to reconsider to ask the Court to rethink what the Court already thought through—rightly or wrongly. The motion to reconsider would be appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare.

*Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (Hoeveler, J.) (citation omitted). Federal Rule of Civil Procedure 60(b) provides:

> [A] court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

In his motion, the Plaintiff challenges the prior denial of his request to amend his complaint (ECF No. 56) and moves again for leave to amend. (ECF No. 60.) Relating to the prior denial, the Eleventh Circuit dictates that a request for leave to amend must be in writing and "state with particularity the grounds for seeking the order[,] and the relief sought." *Newton v. Duke Energy Fla., LLC*, 895 F.3d 1270, 1277 (11th Cir. 2018) (quoting Fed. R. Civ. P. 7(b)(1)). When "a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly." *Wiand v. ATC Brokers Ltd.*, No. 22-13658, 2024 WL 1163902, at *6 (11th Cir. Mar. 19, 2024) (cleaned up). Pre-dismissal, the Plaintiff did not file a separate motion for leave to amend but imbedded his request for leave to amend in his opposition to the Defendant's motion to dismiss. (*See* ECF No. 11.) Therefore, the Plaintiff did not properly move for leave to amend before the complaint was dismissed. *See Newton*, 895 F.3d at 1277; *Wiand*, 2024 WL 1163902, at *6.

The Plaintiff is correct that plaintiffs may seek leave to amend post-dismissal under Federal Rules of Civil Procedure 59(e) or 60(b)(6)). However, the Plaintiff's post-dismissal request for leave to amend is untimely. The Court's scheduling order in this case set the deadline to amend the pleadings as September 19, 2023. (ECF No. 13.) But the Plaintiff did not properly move for leave to file a second amended complaint until his motion for reconsideration was filed in January 2024.

The Court's schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). A plaintiff seeking an out-of-time amendment must first demonstrate good cause under Rule 16(b) before the Court will consider whether amendment is proper under Rule 15(a). *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998). The good cause standard "precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Id.* at 1418 (cleaned up). If a party was not diligent, the inquiry ends. *Id.*

Plaintiff's motion for reconsideration does not argue that good cause exists for his failure to meet the Court's deadlines. (*See* ECF No. 60.) However, the Plaintiff's reply argues that he failed to meet the deadline despite his diligence. (ECF No. 66.) The Court disagrees. The Defendant filed its motion to dismiss on July 17, 2023, putting the Plaintiff on notice about the complaint's deficiencies. (ECF No. 7.) Yet, the Plaintiff did not properly move to file a second amended complaint until several months later—after the Court dismissed the amended complaint and the September 19, 2023, deadline had long since passed.

The Plaintiff's reply also argues good cause excuses the missed deadline because he required additional discovery to amend the complaint, including depositions of Captain Ortiz, Former Police Chief Acevedo, and Chief Morales. (ECF No. 66.) However, email communications attached to the Defendant's response illustrate that Plaintiff's counsel did not request depositions of Captain Ortiz or Chief Morales until December 7, 2023—after the deadline to amend the pleadings had passed. (ECF No. 61-1.) Moreover, the Plaintiff's reply does not indicate how the additional depositions cure the amended complaint's defects (ECF No. 66), and the Plaintiff's proposed second amended complaint includes none of the aforementioned discovery. (*See* ECF No. 60-1.) Although this can be explained by the fact that the Plaintiff's motion was filed in January 2024—before the scheduled depositions—it illustrates that the Plaintiff *could* have filed the second amended complaint without those depositions, within the Court's established deadlines.

More broadly, the record does not reflect diligence on behalf of the Plaintiff. In fact, Magistrate Judge Jonathan Goodman had to issue an order to address the Plaintiff's "continuing failure to substantively comply with a straightforward discovery order." (ECF No. 49.) The Court does not find that the Plaintiff's failure to comply with the Court's scheduling order occurred despite the diligence of the Plaintiff. Therefore, the Court does not find good cause to modify the Court's scheduling order. Because the Plaintiff requested leave to amend after the September 19, 2023, deadline, the Court need not address whether amendment is otherwise proper and denies Plaintiff's request for leave to amend. The Plaintiff's motion for reconsideration is **denied**. (**ECF No. 60**.)

**Done and ordered** in Miami, Florida, on April 17, 2024.

                                                                                                _____
                                                                                                 Robert N. Scola, Jr.
                                                                                                 United States District Judge