UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 23-cv-22510

BRANDON LANIER,

    Plaintiff,

v.

CITY OF MIAMI,

    Defendant.

_____/

### REPORT AND RECOMMENDATIONS

**THIS CAUSE** is before the Court on Defendant's Unopposed Motion for Costs (ECF No. 69), pursuant to 28 U.S.C. § 1920, Federal Rule of Civil Procedure 54(d)(1), and Southern District of Florida Local Rule 7.3(c). This matter has been referred to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, by the Honorable Robert N. Scola, Jr., United States District Judge, to take all necessary and proper action as required by law. (ECF No. 70). Having reviewed the Motion and being otherwise fully advised, the undersigned respectfully **RECOMMENDS** that Defendant's Motion be **GRANTED IN PART**.

**I.    BACKGROUND**

After granting Defendant's Motion to Dismiss (ECF No. 56), this Court entered judgment in its favor. (ECF No. 68). Defendant certifies that the parties conferred in compliance with Southern District of Florida Local Rule 7.3(b) and Plaintiff does not oppose Defendant's entitlement to costs nor the amount Defendant seeks. (ECF No. 69). Defendant has timely moved for an award of taxable costs.

1

## II. LEGAL STANDARD

Unless a federal statute, rule or court order provides otherwise, the prevailing party should be allowed to recover its costs. Fed. R. Civ. Proc. 54(d)(1). "Under Rule 54(d), there is a strong presumption that the prevailing party will be awarded costs." *Matthews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007). But such costs may not exceed those permitted by 28 U.S.C. § 1920. *Id.* Taxable costs include: (1) feeds of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court appointed experts and interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. § 1828. *See* 28 U.S.C. § 1920.

## III. DISCUSSION

Defendant seeks an award of taxable costs against Plaintiff in the amount of $644.00. Fees for service of six subpoenas account for all of Defendant's costs.

Defendant is the prevailing party. "[T]he litigant is whose favor judgment is rendered is the prevailing party for purposes of rule 54(d)." *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995) (internal quotations omitted). The Court granted Defendant's motion to dismiss all claims asserted by Plaintiff. (ECF No. 56). Plaintiff moved for reconsideration, which was denied. (ECF No. 67). The Court entered final judgment in Defendant's favor. (ECF No. 68). Accordingly, Defendant is the prevailing party and entitled to an award of taxable costs.

In this circuit, courts may tax private process server fees pursuant to 28 U.S.C. §§ 1920(1) and 1921(a)(1). *See E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000). But costs awarded for private process fees may not exceed the hourly rate charged by the United States Marshals

2

Service. *See id.* (citing *Collins v. Gorman*, 96 F.3d 1057, 1060 (7th Cir. 1996); *United States ex rel. Evergreen Pipeline Constr. Co. v. Merritt Meridian Constr. Corp.*, 95 F.3d 153, 172 (2d Cir. 1996)). The rate for personal process of service by the U.S. Marshals is $65 per hour. 28 C.F.R. § 0.114(a)(3).

Defendant supports its request for $664.00 in fees for service of subpoenas with six invoices, which reveal a $129.00 invoice for rush service on Warrior Path (Attn: Michael Anthony), on December 20, 2023; a $69.00 invoice for routine service on Records Custodian Google on December 26, 2023; a $69.00 invoice for routine service to Records Custodian AOL on December 26, 2023; a $69.00 invoice for routine service on Records Custodian MetroPCS on December 26, 2023; a $49.00 invoice for routine service on Records Custodian Yahoo, Inc. on January 5, 2024; and a $259.00 invoice for rush service to Warrior Path on January 8, 2024. (ECF No. 69-2).

The invoices do not specify the number of hours expended by the process server or the number of service attempts made. Defendant does not explain why rush fees were paid on two occasions. Where a prevailing party does not provide any information as to the time expended to effectuate service or other out-of-pocket expenses incurred, the court may limit the cost for service to the minimum charged by the U.S. Marshals Service. *See James v. Wash Depot Holdings, Inc.*, 242 F.R.D. 645, 649 (S.D. Fla. 2007); *see also Goldberg v. Fla. Int'l Univ. Bd. of Trs.*, No. 18-201813-CIV, 2020 WL 8340090, at *3 (reducing the award of private process server fees even when non-prevailing party does not object to the requested costs). Defendant may receive no more than $65.00 for service of each subpoena. Accordingly, Defendant is entitled to a total of $374.00: $49.00 for service of subpoena on Records Custodian Yahoo, Inc. c/o CT Corporation, and $65.00 for each of the five other subpoenas served.

## IV. RECOMMENDATIONS

Based on the foregoing, the undersigned respectfully **RECOMMENDS**:

(1) Plaintiff's Bill of Costs (ECF No. 69-1) be **GRANTED IN PART**;

(2) Pursuant to 28 U.S.C. §§ 1920 and 1921, Federal Rule of Civil Procedure 54(d)(1), and Southern District of Florida Local Rule 7.3(c), the Court recommends that an award of taxable costs be entered in favor of Defendant City of Miami, and against Plaintiff Brandon Lanier, in the amount of $374.00.

A party shall serve and file written objections, if any, to this Report and Recommendations with the Honorable Robert N. Scola, Jr., United States District Judge, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendations. Failure to timely file objections will bar a de novo determination by the District Judge of anything in this recommendation and shall constitute waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers in Miami, Florida, this 25th day of November, 2024.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE